RECEIVED

MAR 8 1 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE  DIVISION**

Howard

Civil Action No. 13-00700

versus

Judge Richard T. Haik

American Alternative Insurance
Corp.

Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment filed by defendant, American Alternative Insurance Corporation ("AAIC") [Rec. Doc. 10], plaintiff, Leslie Howard's, opposition [Rec. Doc. 13], and AAIC's Reply [Rec. Doc. 25]. For the following reasons, defendant's motion will be granted in part and denied in part.

### I. Background

Plaintiff was the Assistant Fire Chief for St. Mary Parish Fire District No. 3 in Amelia, Louisiana ("Fire District").  On May 16, 2011, while plaintiff was driving a Fire District pickup truck during the course of his employment, he was struck by the tortfeasor, Allen Smith.[1]  Smith's liability insurer, Progressive Insurance Company, paid plaintiff its $15,000 liability limits.[2]  Plaintiff filed this action against AAIC, his employer's uninsured/underinsured motorist ("UM") carrier, for damages, including medical expenses, lost wages, loss of earning capacity, general damages, and penalties and attorney's fees. AAIC paid plaintiff $135,000 in unconditional tenders.[3]  AAIC states that, since the accident, plaintiff has not returned to work and has been receiving workers' compensation benefits. The Fire District's workers' compensation insurer, Louisiana Workers

---

[1]  The Petition incorrectly refers to the tortfeasor as Onita Wade. *R. 10-3*, Petition, *R. 10-1.*

[2]  *R. 10-3, Petition, ¶ 4.*

[3]  *R. 10-4, Depo. Of Plaintiff, p. 53.*

Compensation Corporation ("LWCC"), has paid, and is still paying, plaintiff's medical expenses and workers' compensation benefits.  Because the Fire District's Disability Policy has paid the difference between his regular salary and his workers' compensation benefits, AAIC states that plaintiff has received his full salary each month.

Plaintiff confirmed in his deposition testimony that LWCC, has paid medical and indemnity benefits since his accident, and his disability policy has paid benefits equivalent to the difference between his regular salary and his workers' compensation benefits.  *R. 10-4, Depo. Of Plaintiff, pp. 53-54, 58-61.*  Plaintiff also testified that prior to the accident, the Fire District reimbursed 100% of the cost of his health insurance.[4] *R. 10-4, Depo. Of Plaintiff, pp. 67-68, 71-72,107-108.*  Additionally, the record indicates and plaintiff's testimony confirms, that before the accident the Fire District submitted to the state Firefighters Retirement System ("FRS") the "employer contribution" and plaintiff paid the "employee contribution" via deduction from his paycheck.  Since the accident, the Fire District has continued to pay the employer contribution as well as the plaintiff's contribution to FRS each month.  *R. 10-4, Depo. Of Plaintiff, p. 66; R. 10-5, Stmt. Of Chief McAllister.*

## II.  Summary Judgment Standard

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56(c). A genuine issue of fact exists only "[i]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248(1986).

---

[4]  Plaintiff's testimony indicates that while his wife secured their insurance through her job with the school board, the Fire District supplemented his pay check with the amount of the premium for his coverage.

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the nonmovant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir.1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,324 (1986). There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir. 1992). "We do not ... in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir.2000).

### III. Analysis

AAIC asserts it is entitled to summary judgment dismissing plaintiff's claims for (1) medical expenses paid by LWCC; (2) wages paid by LWCC; (3) wages paid by the disability insurer; (4) past lost wages; (5) past retirement contributions; (6) past health insurance premiums or benefits; and, (7) future lost wages based on the Fire Chief's salary, because plaintiff continues to receive medical benefits, his full wages and has maintained his health insurance, disability benefits and retirement benefits. AAIC further asserts the Court should dismiss plaintiff's argument that he is entitled to the difference between the actual medical charges and the workers' compensation write-offs based on the holding in *Bozeman v. State*, 879 So.2d 692 (2004). Finally, AAIC argues that plaintiff's claim for future lost wages

3

based on the Fire Chief's salary should be dismissed because the assumption that plaintiff would have become the Fire Chief upon the current Chief's retirement is purely speculation.

In support of its motion that plaintiff's wage claims should be dismissed, AAIC relies on the Louisiana Supreme Court case, *Bellard v. American Cent. Ins. Co.* 980 So.2d 654 (La.,2008). In *Bellard*, the plaintiff was injured while driving a company truck during the course and scope of his employment. *Bellard*, 980 So.2d at 659. The plaintiff subsequently sued his employer's uninsured motorist insurance policy provider, who sought a credit equal to the workers' compensation benefits that the plaintiff had received. *Id.* at 660–61. Finding that the uninsured motorist insurer and workers' compensation insurer were solidary obligors under La. Civ. C. Art. 1794[5], the Louisiana Supreme Court held that the collateral source rule did not apply to prevent the employer's uninsured motorist carrier from receiving a credit for disability wage and medical benefits paid to the insured employee by the worker's compensation insurer. The court determined that "tort deterrence was undisturbed because neither the tortfeasor nor the liability insurer were requesting the credit." *Id.* at *669*. The court explained that allowing the plaintiff to recover medical expenses and lost-time payments from both the UM carrier and the workers' compensation insurer would result in a windfall, or double recovery, with the plaintiff sustaining no diminution in his or her patrimony. *Id.*

Plaintiff concedes that the "Court is <u>Erie</u> bound to apply the Louisiana Supreme Court decision" as to plaintiff's disability wages and medical benefits. Plaintiff argues, however, that the benefits he received under "the disability insurance policy, past retirement contributions and past health insurance premiums or benefits," all constitute "fringe benefits

---

[5] Under La. Civ.C. art. 1794 "A performance rendered by one of the solidary obligors relieves the other's liability toward the obligee."

**4**

of his employment" and are not subject to the holding of *Bellard* and the bar of the Collateral Source rule.  *R. 13.*  Plaintiff argues there is no parallel between the legally mandated requirement of workers' compensation insurance and these benefits.  Thus, the benefits paid by the disability insurer, past lost wages not compensated through workers' compensation payments, past retirement contributions and past health insurance premiums or benefits are not subject to the limitation of the collateral source rule in *Bellard*.  In particular, plaintiff argues that because there is a difference between the actual charges of his healthcare provider and the workers' compensation fee schedule "write-off" paid by LWCC, AAIC is entitled to a credit of only the workers' compensation "Medical Fee Schedule" and not the actual amount charged.

The relevant facts in this case are identical to those in *Bellard* in which the plaintiff, an automobile accident victim, brought this action against his employer's automobile insurer to recover UM benefits for his injuries incurred while he was in the course and scope of his employment.  Here, as in *Bellard*, because the workers' compensation carrier and the UM carrier, AAIC, are solidary obligors, the collateral source Rule does not prevent AAIC from receiving a credit for the workers' compensation and medical benefits paid to plaintiff by the worker's compensation insurer.  Thus, the Court finds that AAIC is entitled to a credit for all of plaintiff's medical expenses and workers' compensation benefits paid by LWCC.

AAIC also asserts that the Court should grant its motion with respect to plaintiff's disability benefits paid by the disability insurer, lost wages, past retirement contributions and past health insurance premiums or benefits.  Plaintiff argues that his health insurance benefits, disability benefits and retirement benefits are "fringe benefits" for which AAIC cannot receive a credit.  Moreover, plaintiff contends he is entitled to recover the full value of the medical services provided to him, including any adjustments made under the LWCC

"fee schedule."

In order to address plaintiff's argument that he is entitled to a claim for these benefits, the Court must determine whether the collateral source doctrine applies to the "fringe benefits." "If the collateral source doctrine applies, payments received from a source independent of the tortfeasor's procuration or contribution are not deducted from the award the injured plaintiff receives from the tortfeasor and the plaintiff is entitled to recover the same damages from both the employer's uninsured motorist carrier and the workers' compensation insurer." *Bellard*, 980 So.2d at 663.

In *Bellard*, the court explained that the collateral source rule does not apply to workers' compensation benefits because the plaintiff "pays no enrollment fee, has no wages deducted, and otherwise provides no consideration for the collateral source benefit...." and "application of the rule would allow plaintiff to receive a windfall." *Bellard*, 980 So.2d at 670. The court further stated, "unlike sick leave, annual leave, or employer-provided health insurance, workers' compensation cannot be considered a fringe benefit in the nature of deferred compensation that would otherwise be available to the plaintiff but for injury." *Id.* In other words, "whether the collateral source rule applies depends to a certain extent upon whether the victim has procured the collateral benefits for himself or has in some manner sustained a diminution in his or her patrimony in order to secure the collateral benefits such that he or she is not merely reaping a windfall or double recovery." *Bellard*, 980 So.2d at 669(citing *Bozeman*, 879 So.2d at 705-706).

The collateral source rule was thoroughly discussed in the Louisiana Supreme Court's *Bozeman* decision. After a detailed analysis of the history of the collateral source rule in America and the policies upon which the rule is based, the *Bozeman* court held that in instances where a plaintiff's patrimony has been diminished in some way in order to obtain

**6**

the benefit of collateral source payments, a plaintiff is entitled to the full "benefit of the bargain" and may recover the full value of the medical services, including contractual adjustments or write-off amounts. *Bozeman v. State of La.*, 879 So.2d at 706. The court stated that the collateral source rule applies not only where plaintiff directly purchased insurance against which the plaintiff recovered, but also where there were sick leave and annual leave payment and insurance paid for by the employer for the employee. The court explained,

> In the case of insurance purchased by the plaintiff or deductions made from the plaintiff's paycheck, the plaintiff has paid premiums which are a diminution of his patrimony as that cash would have otherwise been available to him. By going against his own insurance policy, he is diminishing the benefits of that policy which would otherwise be available, he has suffered a diminution of the patrimony by premium payments and his rates will rise providing a third area of loss.
>
> Where insurance is provided by the employer, then that fringe benefit is in the nature of deferred compensation. The deferred compensation would have been available to him as cash per paycheck, but for the existence of the deferred compensation plan. Likewise, the benefits of the deferred compensation would have been available but for the injury.
>
> Lastly, if the collateral source rule were not applied, then there would be no reason for an individual to purchase insurance. For example, if in a wrongful death case the tortfeasor was allowed a set-off for proceeds from the deceased's life insurance policy, then the deceased's estate suffered the loss not only of the amounts paid as premiums but also for the use of the money over the years, so that the deceased's estate could, theoretically, bring an action against the defendant to recover back the set-off amount.

*Id.* at 698.

In light of the jurisprudence applicable in this case, the Court finds that AAIC is not entitled to a credit for benefits plaintiff received under the disability insurance policy, past retirement contributions and past health insurance premiums or benefits. The Court further finds that plaintiff is entitled to recover the full value of the medical services provided to him, including any adjustments thereto, and no evidence of the adjustments is admissible at trial. *R. 13-2, McAllister Affidavit.*

Finally, upon considering the evidence in the record, the Court finds there are genuine issues of material fact as to plaintiff's claim for future lost wages based on the Fire Chief's salary. Thus, AAIC's motion for summary judgment in that regard must be denied.

*Conclusion*

Based on the foregoing: (1) AAIC is entitled to a credit for all of plaintiff's medical expenses and his workers' compensation benefits paid by LWCC; (2) plaintiff is entitled to recover the full value of his employment/fringe benefits; and (3) there exist genuine issues of material fact as to plaintiff's claim for future lost wages.

Richard T. Haik, Sr.